UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

S.M., individually and as parent and next
friend of F.M., a child with a disability,

                              Plaintiff,

    -against-                                              1:09-cv-1238 (LEK/RFT)

TACONIC HILLS CENTRAL SCHOOL
DISTRICT,

                              Defendant.

## DECISION and ORDER

Plaintiff S.M. ("Plaintiff" or "S.M."), individually and as parent of F.M., commenced the instant action seeking to recover attorneys' fees under the fee shifting provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. Dkt. Nos. 1 ("Complaint"), 11 ("Motion"). Defendant opposes Plaintiff's Motion for attorneys' fees. Dkt. No. 13 ("Response").

**I.    BACKGROUND**

Plaintiff S.M. is the parent of F.M., a child with a disability as defined by the IDEA. Compl. ¶¶ 1-2. F.M. was born in 2000 and suffers from an autistic spectrum disorder. Id. ¶ 8. In November 2006, F.M. was placed at the Anderson Center for Autism in Staatsburg, New York pursuant to the individualized education program ("IEP") recommended by Defendant's Committee on Special Education ("CSE"). Id. ¶ 10. Thereafter, F.M's parents learned that F.M. had been abused by Anderson staff. Id. ¶ 12. On May 6, 2009, F.M.'s parents removed F.M. from Anderson. Id. ¶ 13.

Following F.M.'s removal from Anderson, Defendant's CSE recommended that F.M. receive services at the local school. Id. ¶ 14. For the 2009-10 school year, the CSE recommended that F.M. attend the Children's Annex. By letter dated July 2, 2009, Plaintiff demanded a due process

hearing pursuant to 20 U.S.C. § 1415(f)(1). Id. ¶ 15. Plaintiff contended that Defendant did not provide F.M. with a free appropriate public education ("FAPE") as required by the IDEA for the 2007-08, 2008-09, and 2009-10 school years. Id. ¶¶ 16-17.

On July 2, 2009, Defendant offered a resolution agreement that was rejected by Plaintiff. Id. ¶ 21. An Impartial Hearing Officer ("IHO") conducted hearings on August 5, 18, 19, and 20, 2009. Id. ¶¶ 18-19, 22. On August 5, Defendant stipulated that it denied F.M. a FAPE during the 2007-08 and 2008-09 school years and that it was unable to implement the IEP that was developed for the 2009-10 school year. Id. ¶ 23. Following additional testimony and negotiations, the parties entered into a consent decree on September 29, 2009. Id. ¶¶ 24-28. The IHO approved the consent decree on October 8, 2009. Id. ¶ 26. Plaintiff then commenced the instant action seeking to recover attorneys' fees pursuant to 20 U.S.C. § 1415 for the administrative proceeding and the instant action. Id. at 8-9.

## II.     DISCUSSION

As part of its purpose to ensure that children with disabilities receive a FAPE, the IDEA provides that "[i]n any action or proceeding brought under [the IDEA], [a] court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). Such fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." Id. § 1415(i)(3)(C).

It is undisputed that Defendant failed to provide a FAPE and that Plaintiff obtained relief at the administrative level. Accordingly, Plaintiff is eligible for an award of attorneys' fees. However, there is significant dispute over the amount of any such fees.

2

Plaintiff seeks to recover costs and attorneys fees in the amount of $146,148.48, broken down into the following categories:

| Category | Attorney/Paralegal | Hours | Rate | Amount |
|---|---|---|---|---|
| *Hearing* | Andrew Cuddy | 314.1 | $275.00 | $86,377.50 |
| | Michael Cuddy | 51.1 | $250.00 | $12,775.00 |
| | Jason Sterne | 18.6 | $275.00 | $ 5,115.00 |
| | Diane Zambotti | 93.2 | $100.00 | $ 9,320.00 |
| | Rachel Gee | 48.1 | $100.00 | $ 4,810.00 |
| *Travel* | Andrew Cuddy | 53.8 | $137.50 | $ 7,397.50 |
| | Michael Cuddy | 20.1 | $125.00 | $ 2,512.50 |
| *Federal* | Jason Stern | 26.3 | $275.00 | $ 7,232.50 |
| | Andrew Cuddy | 22.4 | $275.00 | $ 6,160.00 |
| *Costs* | | | | $ 4,448.48 |
| **TOTAL** | | | | **$146,148.48** |

Affirmation of Andrew K. Cuddy (Dkt. No. 11-1) ("Cuddy Affirmation") ¶ 56.

### A. Whether Plaintiff Obtained a *De Minimis* Benefit

Defendant first claims that any award of attorneys' fees should be significantly reduced because Plaintiff achieved only a *de minimis* benefit. In particular, Defendant argues that Plaintiff's attorneys expended an enormous amount of attorney time pursuing the matter before the IHO only to achieve a consent decree that was virtually identical to that which the District offered in July 2009, before the time the District even filed a response to Plaintiff's administrative complaint. Plaintiff responds that the consent decree was substantially different than the District's offer because, although it covered the same topics, it included detailed time-frames and specific obligations on the school that were missing from Defendant's offer and also required the school to provide services to F.M. in the District until it could secure an appropriate placement elsewhere.

The Court has little doubt that Plaintiff's attorneys put in substantial time and effort in attempting to achieve the best possible outcome for their client. That being said, in light of the procedural history of this matter, it appears that the parties were not (or should not have been) very far apart in terms of resolving the matter amongst themselves. Defendant did not object to F.M.'s removal from Anderson. In fact, Defendant had previously worked with Plaintiff to file a joint complaint with the State Education Department charging that Anderson violated F.M.'s IEP by failing to provide sign language instruction. Defendant also worked to place F.M at the Children's Annex and was advised that a spot was available for F.M. Once Plaintiff filed a complaint seeking a due process hearing, Defendant reached out to Plaintiff in an attempt to resolve the matter. By letter dated July 20, 2009, Defendant submitted a proposal to Plaintiff to resolve her complaint. Although some details may have been absent, there is no indication that Plaintiff attempted to fill in those details before continuing with the administrative hearing.

Upon commencement of the hearing before the IHO, Defendant conceded that F.M. had been denied a FAPE. At that point, the only remaining issues pertained to developing an appropriate IEP for F.M. going forward. Most significantly, the consent decree ultimately obtained in late September is substantially similar to Defendant's settlement offer two months earlier. The Court acknowledges that the consent decree provides specific obligations on the District and sets forth details omitted from Defendant's proposal that were, quite understandably, important to Plaintiff and F.M.'s education. The Court concludes, however, that, in light of the foregoing, the parties could have negotiated these details and specifics in a more efficient manner and very likely without requiring significant testimony before the IHO. Accordingly, a reduction in attorneys' fees is warranted for the *de minimis* additional benefit obtained over Defendant's pre-hearing offer.

**B. Whether the Matter was Unnecessarily Protracted to Ensure the Availability of Attorney's Fees**

Defendant next argues that Plaintiff's counsel unnecessarily protracted this matter through the administrative process in an effort to obtain an administratively sanctioned consent decree, which is a necessary prerequisite for an award of attorneys' fees. A.R. ex rel. R.V. v. New York City Dept. of Educ., 407 F.3d 65, 76-77 (2d Cir. 2005) (holding that "[s]ettlement of an IDEA administrative proceeding, followed by a dismissal of the proceedings – without more – does not render the plaintiff a 'prevailing party' for statutory fee-shifting purposes. . . .," but that an administratively sanctioned consent order does render the plaintiff a prevailing party for fee-shifting purposes). In support, Defendant points to the evidence discussed and above and cites N.C. v. Oneida City Sch. Dist., No. 5:07-cv-01230, 2010 WL 3981823, at *6 (N.D.N.Y. Oct. 8, 2010), wherein it was specifically noted that "the Cuddy law firm is known for requiring consent decrees. . . ." Defendant also cites V.G. v. Auburn Enlarged Cent. Sch. Dist., at *15 (N.D.N.Y. Dec. 9, 2008), in which the court noted that the plaintiffs should only be reimbursed for a portion of the attorneys' fees incurred because "Cuddy achieved relatively little after November 15, 2006, except to secure a claim to attorneys' fees against the District by obtaining a Consent Decree signed by the IHO instead of a Settlement Agreement signed only by the parties."

The case law requiring an administratively sanctioned consent decree before a plaintiff may be considered a "prevailing party" for purposes of the fee shifting provision does create some disincentive on a plaintiff from settling early in the process. Without the administratively sanctioned consent decree, a plaintiff cannot turn to the school district for attorneys' fees. As previously noted, the Court finds that this matter reasonably could have been concluded without going through a full

5

administrative procedure resulting in an administratively sanctioned consent decree. This warrants a downward adjustment of legal fees.

### C. Reasonableness of the Rates

Defendants also claim that the rates sought by Plaintiff's counsel are unreasonably high. Plaintiff's counsel responds that his rates are in line with those of other attorneys in the community experienced in the IDEA.

Courts in the Second Circuit employ a "presumptively reasonable fee" standard to determine the amount to award as attorneys' fees. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 184 (2d Cir. 2008). In order to determine what is a presumptively reasonable fee, the court assesses "case-specific considerations at the outset, factoring them into its determination of a reasonable hourly rate for the attorneys' work," which is then multiplied by a reasonable number of hours expended by counsel. McDaniel v. County of Schenectady, 595 F.3d 411, 420 (2d Cir. 2010). "The reasonable hourly rate is the rate a paying client would be willing to pay . . . [, and the Court] should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190. Ordinarily, the relevant rate is the prevailing hourly rate in the community. Id. "This presumption may be rebutted – albeit only in the unusual case – if the party wishing the district court to use a higher rate demonstrates that his or her retention of an out-of-district attorney was reasonable under the circumstances as they would be reckoned by a client paying the attorney's bill." Id. at 191.

Here, Attorney Cuddy seeks fees for himself and Attorney Jason Sterne at the rate of $275 per hour. As has been stated:

> A reasonable starting point for determining the hourly rate for purposes of a lodestar calculation is the attorney's customary rate. . . . In the absence of language in a retainer agreement indicating that the rates referred to were in some way reduced in light of the financial circumstances of the plaintiff, or for whatever reason not the normal market rate the attorney's receive, the retainer agreement is an appropriate reflection of the reasonable, and expected, hourly rate. . . . A retainer agreement, however, is not a binding determinant of the lodestar hourly rate; district courts in this Circuit fix the appropriate hourly rate by reference to the retainer agreement as well as to an average of the historic fees over the period.

Parrish v. Sollecito, 280 F. Supp. 2d 145, 169-70 (S.D.N.Y. 2003) (internal citations and quotations omitted). Attorney Cuddy's affirmation in this case states that "I am requesting an hourly rate of $275, which was the rate established by my office in January 2010 for work in the Northern District of New York.." Cuddy Affirmation ¶ 62. However, all administrative hearings were held in 2009, and the consent decree was drafted and approved in 2009. Further, the retainer agreement signed by Plaintiff on June 6, 2009 reflects an hourly rate of $250.00 per hour for senior attorneys. Dkt. No. 13, Ex. A. The 2009 rate of $250.00 is in line with typical hourly rates in this District, and the Court sees no justification for allowing a higher rate merely because it was established by counsel's office in 2010.

The Court also finds that a $250.00 per hour rate is not justified for attorney Michael Cuddy, who, at all times relevant hereto, had been practicing law for less than one year and is not claimed to have any specialized experience or knowledge in special education law. Under such circumstances a rate of $150.00 per hour is appropriate.

The Court also finds that the claimed $100 per hour for support staff is excessive compared to fees that have recently been awarded in this District. Accordingly, the Court will award fees for support staff at the rate of $80 per hour. See Lee v. City of Syracuse, No. 5:03-CV-1329, 2012 WL 2873533 (N.D.N.Y. July 12, 2012) ("The prevailing hourly rate for a paralegal is $80.").

### D. Whether Time Spent Litigating the Anderson School Issues Were Relevant to the Due Process Hearing

Defendant next contends that Attorney Cuddy spent time reviewing documents from, and eliciting testimony concerning, the alleged abuse at the Anderson school that were not relevant to the issues before the IHO. Defendant claims that this time should be excluded from any award. While evidence and/or testimony concerning the types of services provided at Anderson that were, or were not, effective in attending to F.M.'s needs would be relevant to developing F.M.'s IEP and, thus, resolving the matter, much of the documentation concerning allegations of abuse of F.M. at Anderson were not relevant. Accordingly, time spent viewing such documents should be excluded.

### E. Whether Andrew Cuddy Spent Excessive Time Preparing the IDEA Complaint

Defendant also argues that Plaintiff's attorney spent an excessive amount of time – 61 hours – preparing the IDEA complaint and that this is excessive. Plaintiff's counsel concedes that the time spent on this case was more than usual, but asserts that there was a need to review the large volume of records provided by the client. While it was necessary for counsel to have a full understanding of the case before preparing an IDEA complaint, 61 hours preparing an administrative complaint is excessive and warrants a reduction.

### F. Whether it was Reasonable to Use Two Attorneys at the Hearing

Defendant also challenges Plaintiff's use of a second attorney, Michael Cuddy, at the hearing. Defendant claims that Michael Cuddy "introduced himself as a newly-practicing attorney" and stated that he "was present to observe and learn." Dkt. No. 13-6 at 25. Defendant further claims that Michael did not take an active role in the proceeding, and was observed at various times during the hearing "reading a newspaper, working on a crossword puzzle and sleeping or resting his eyes." Id.

In his Reply Affirmation, Andrew Cuddy does not dispute Defendant's characterization of Michael Cuddy's level of participation during the hearing itself. Dkt. No. 15 at 14-17. However, he does recap Michael Cuddy's experience and qualifications and describes the nature of Michael's contributions both before and during the hearing. Id. Although the Court does not find fault with Andrew's decision to delegate various tasks to Michael to assist in preparation for the hearing, the use of a second attorney at the hearing itself was not warranted in this case, regardless of his level of participation. See K.F. v. New York City Department of Education, No. 10 Civ. 5465, 2011 WL 3586142, at *6-7 (S.D.N.Y. Oct. 5, 2011) (excluding time billed by second attorney at administrative hearings before the NYC Department of Education). Accordingly, the time that Michael Cuddy spent at the hearing itself is excluded.

### G. Whether the Retainer Agreement Violates 22 N.Y.C.R.R. § 1200.22(a), Rule 1.8(I)

Lastly, Defendant contends that Plaintiff is not entitled to any recovery for the instant litigation because the retainer agreement between Plaintiff and her counsel violates the New York Rules of Professional Conduct by acquiring a proprietary interest in the cause of action or subject matter of the litigation. In support of this argument, Defendant points to that portion of the retainer agreement whereby Plaintiff assigns to her attorney the "fee recovery claim."

The Court will not address this argument because Defendant does not have standing to object to the fee arrangement between Plaintiff and her attorney. Rozen v. Russ & Russ, P.C., 76 A.D.3d 965, 969 (N.Y. App. Div. 2010); Wilson v. LaFontant, 240 A.D.2d 172, 173 (N.Y. App. Div. 1997).

### H. Adjustment for *De Minimis* Benefit, Protraction of Proceedings, and Excessive Review of Anderson Documents

"In lieu of making minute adjustments to individual timekeeping entries, a court may make across-the-board percentage cuts in the number of hours claimed, 'as a practical means of trimming the fat from a fee application.'"  Chan v. Sung Yue Tung Corp., No. 03 Civ. 6048, 2007 WL 1373118, at *5 (S.D.N.Y. 2007) (quoting In Re Agent Orange, 818 F.2d 226, 237 (2d Cir. 1987)); see also Jimico Enterprises, Inc. v. Lehigh Gas Corp., No. 1:07-CV-0578, 2011 WL 4594141, at *10 n.7 (N.D.N.Y. 2011) (collecting cases).  The Court finds that the *de minimis* benefit obtained by pursuing this matter through an administrative hearing, together with the unnecessary protraction of the proceedings in order to secure a right to seek attorneys fees and an excessive amount of time spent reviewing records unrelated to the central issues in this matter and otherwise prosecuting this matter warrant an overall 60% reduction, after all other adjustments are made.  Although the total amount awarded is still quite high, is much more in line with what a reasonable client would be willing to pay to effectively litigate this matter.

**I. Calculations**

*1. Adjustment for Michael Cuddy's Participation in the Hearing*

The Court estimates the time attributable to Michael Cuddy attending the hearings to be 35.5 hours at the hearing (billed at $150.00) and 20.1 hours of travel (billed at $75.00).  Accordingly, after these hours are excluded, Michael Cuddy is awarded only 15.6 hours at $150/hour = $2,340.00.

*2. Fees Calculation after Rate and Hour Adjustments*

| Category | Attorney/Paralegal | Hours | Rate | Amount |
|---|---|---|---|---|
| *Hearing* | Andrew Cuddy | 314.1 | $250.00 | $78,525.00 |
| | Michael Cuddy | 15.6 | $150.00 | $ 2,340.00 |
| | Jason Sterne | 18.6 | $250.00 | $ 4,650.00 |
| | Diane Zambotti | 93.2 | $ 80.00 | $ 7,456.00 |
| | Rachel Gee | 48.1 | $ 80.00 | $ 3,848.00 |
| *Travel* | Andrew Cuddy | 53.8 | $125.00 | $ 6,725.00 |
| *Federal* | Jason Stern | 26.3 | $250.00 | $ 6,575.00 |
| | Andrew Cuddy | 22.4 | $250.00 | $ 5,600.00 |
| **TOTAL** | | | | **$115,719.00** |

### *3. Fees Calculation after Across-the-Board Adjustment*

Based on the foregoing, the Court allows fees in the amount of 40% of $115,719, or $46,287.60. Plaintiff is also awarded costs of $4,448.48, for a total award of $50,736.08.

## III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for attorneys' fees and costs (Dkt. No. 11) is **GRANTED in part** consistent with this Decision and Order; and Plaintiff is awarded attorneys' fees in the amount of $46,287.60 and costs in the amount of $4,448.48; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED: September 10, 2012
Albany, New York

Lawrence E. Kahn
U.S. District Judge

11