UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

S.M., individually and as parent and next
friend of F.M., a child with a disability,

       Plaintiff,

   -against-         1:09-CV-1238 (LEK/RFT)

TACONIC HILLS CENTRAL SCHOOL
DISTRICT,

       Defendant.

**DECISION and ORDER**

**I. INTRODUCTION**

On September 10, 2012, the Court awarded Plaintiff S.M. ("Plaintiff") attorney's fees and related costs as the prevailing party in administrative hearings pursuant to the Individuals with Disabilities Act ("IDEA"). See Dkt. No. 20 ("September Order"), available at S.M. v. Taconic Hills Cent. Sch. Dist., No. 09-CV-1238, 2012 WL 3929889 (N.D.N.Y. Sept. 10, 2012). Both Plaintiff and Defendant Taconic Hills Central School District ("Defendant") now move for reconsideration of the September Order. Dkt. Nos. 23 ("Defendant's Motion"); 24-3 ("Plaintiff's Motion"); 25 ("Defendant's Reply").

**II. BACKGROUND**

The parties are presumed to be familiar with the facts of this case. For a statement of the facts, reference is made to the September Order or to Plaintiff's Complaint. Dkt. No. 1.

**III. LEGAL STANDARD**

"The standard for granting a motion for reconsideration is strict. [It] 'should not be granted where the moving party seeks solely to relitigate an issue already decided.'" Paulino v. Fischer, No.

12-CV-0076, 2012 WL 6114934, at *2 (N.D.N.Y. Dec. 10, 2012) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). Nor is it "to be used for 'presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.''" Id. (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)). "Generally, the prevailing rule in the Northern District 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" Sumner v. McCall, 103 F. Supp. 2d 555, 558 (N.D.N.Y. 2000) (Kahn, J.) (quoting In re C-TC 9th Ave. P'ship, 182 B.R. 1, 3 (N.D.N.Y. 1995)).

Neither party argues that there has been an intervening change in controlling law or that material evidence is newly available. See Def.'s Mot.; Pl.'s Mot.; Def.'s Reply.[1] The Court therefore will reconsider the September Order only if necessary to correct a clear error of law or prevent manifest injustice. "This is a demanding standard." Sumner, 103 F. Supp. 2d at 558. "It is not enough . . . that [a party] could now make a more persuasive argument . . . . The law of the case will be disregarded only when the court has a clear conviction of error with respect to a point of law on which its previous decision was predicated." Fogel v. Chestnutt, 668 F.2d 100, 109 (2d Cir. 1981) (Friendly, J.) (internal quotation marks omitted).

---

[1] Plaintiff argues in part that the Court's reduction of the hourly rate paid to one of Plaintiff's attorneys should be reconsidered based on "a more detailed declaration" of that attorney's background. See Pl.'s Mot. at 11. There is no indication that this evidence was unavailable at the time of the September Order.

## IV. DISCUSSION

### A. Defendant's Motion

Defendant argues that the Court erred by not applying § 1415(i)(3)(D)(i)(III) of the IDEA to exclude attorney's fees for work performed by Plaintiff's attorneys after Defendant's offer of settlement. See generally Def.'s Mot. According to Defendant, this exclusion is a necessary consequence of the Court's conclusion that the consent decree Plaintiff obtained in the underlying administrative proceeding provided only a *de minimis* benefit to Plaintiff as compared to Defendant's offer of settlement. Id.

The Court finds no clear error in its decision not to exclude post-offer fees. See C.G. v. Ithaca City Sch. Dist., No. 11-CV-1468, 2012 WL 4363738, at *3 (N.D.N.Y. Sept. 24, 2012) ("[T]he relief finally obtained by [plaintiff] was more favorable, albeit slightly, than that offered in the District's memorandum of agreement. [Plaintiff] is therefore not precluded from receiving attorneys' fees and related costs which accrued after [the settlement offer]."); Mrs. M. ex rel "T" v. Tri-Valley Cent. Sch. Dist., 363 F. Supp. 2d 566, 572 (S.D.N.Y. 2002) ("Although just barely, the final settlement afforded plaintiff more relief than she was offered in the . . . settlement letter. Therefore, plaintiff is not barred from recovering attorney's fees.").

The Court therefore also does not find clear error in its decision to apply a 60% reduction to fees across the board rather than, for example, an award of 100% of pre-offer fees and 20% of post-offer fees, as applied by the C.G. court. See 2012 WL 4363738, at *4; see also Mrs. M. ex rel "T", 363 F. Supp. 2d at 572-73 (applying 50% reduction across the board after determining that final relief "just barely" beat the defendant's settlement offer); cf. JWJ Indus., Inc. v. Oswego Cnty., No. 09-CV-0740, 2013 WL 791603, at *4 (N.D.N.Y. Mar. 4, 2013) ("The district court may attempt to identify specific

3

hours that should be eliminated, or it may simply reduce the award to account for limited success." (citing Hensley v. Eckerhart, 461 U.S. 424, 436-37 (1983))); Jimico Enters., Inc. v. Lehigh Gas Corp., No. 07-CV-0578, 2011 WL 4594141, at *10 n.7 (N.D.N.Y. Sept. 30, 2011) (collecting cases). Accordingly, Defendant's motion for reconsideration is denied.

### B. Plaintiff's Motion

#### 1. Hourly Rates

Plaintiff argues that the Court erred by awarding Plaintiff fees at rates the Court deemed appropriate for attorneys and paralegals in 2009, when the underlying proceedings were conducted and relief obtained. See Pl.'s Mot. at 11. According to Plaintiff, this violated the Second Circuit's directive that current, not historic, rates be used in calculating fee awards. See id. at 11-12 (citing Farbotko v. Clinton Cnty., 433 F.3d 204 (2d Cir. 2005)). Plaintiff therefore requests that the Court adjust her fee award to reflect the rates charged by her attorneys in 2011 and 2012. Id. (citing C.G. v. Ithaca City Sch. Dist., No. 11-CV-1468, 2012 WL 4363738 (N.D.N.Y. Sept. 24, 2012) (awarding Plaintiff's attorneys $275 per hour for proceedings conducted in mid-2011)).

Plaintiff is correct that the Court committed error insofar as it tied the rates to the time period at which the work was performed. See Farbotko, 433 F.3d at 210 n.11 ("Because attorney's fees are often awarded long after services have been rendered, this rule [of using current rather than historic hourly rates] was designed to compensate litigants for the delay in payment." (citing Missouri v. Jenkins, 491 U.S. 274, 283 (1989))). However, the Court also found that "[t]he 2009 rate of $250.00 is in line with typical hourly rates in this District." Sept. Order at 7. The affirmations of IDEA practitioners in the Western and Northern Districts of New York that Plaintiff submitted in support of her request for hourly rates of $275 show rates from $225 to $285 per hour. See Dkt. Nos. 11-8; 11-9; 11-10; 11-11.

The Court therefore finds that the $250 rate it previously ordered remains in line with prevailing rates in the relevant community for the kind and quality of services furnished. See 20 U.S.C. § 1415(i)(3)(C). Plaintiff has submitted no evidence that the prevailing hourly rate for paralegal work is other than the $80 previously ordered. The Court therefore will not alter the rates charged in the September Order.

### 2. Review of Irrelevant Materials

Plaintiff also argues that the Court erred by excluding time spent reviewing documents relating to events not relevant to the administrative proceeding below. See Pl.'s Mot. at 12. Plaintiff assures the Court that Plaintiff's attorneys did not represent Plaintiff "in any personal injury matter, [and] absolutely no time was involved in reviewing documents for the purposes of a personal injury claim." Id. The Court excluded the hours in question not because it believed Plaintiff's attorneys were representing Plaintiff in a personal injury matter, but because the events these documents concerned were not relevant to the instant matter. Sept. Order at 8; see Millea v. Metro-North R.R., 658 F.3d 154, 168 (2d Cir. 2011) ("When calculating a lodestar, the number of hours spent on a case should include only those hours spent on claims eligible for fee-shifting."). Plaintiff's attorneys' motivation for reviewing them was irrelevant to the Court's decision. Moreover, the Court did not itemize these hours, but instead weighed them as one among several reasons justifying the 60% across-the-board deduction it applied. The Court finds that the other reasons given in the September Order are sufficient to support that deduction and therefore will not revisit the Order on this basis.

### 3. Across-the-Board Fee Reduction

Plaintiff's final argument is that the Court erred by applying the 60% across-the-board deduction. See Pl.'s Mot. at 6-11. Plaintiff first argues that such a simple blanket reduction is contrary

5

to Millea, 658 F.3d at 154, which vacated and remanded a fee calculation because "[t]he district court erred by adjusting the attorneys' fee award based on the outcome of the litigation without tying that outcome to the quality of Millea's attorneys and without making the adjustment within the lodestar calculation."[2] Id. at 169.  The problem in Millea, however, was that the district court "abused its discretion when it ignored the lodestar and calculated the attorneys' fees as a proportion of the damages awarded" instead, id., thus yielding an attorney's fee of $204 on a judgment of $612.50 on a claim under the Family Medical Leave Act ("FMLA").[3]  See id. at 161; see also Kassim v. City of Schenectady, 415 F.3d 246, 252-56 (2d Cir. 2005) (holding that disproportionality is an invalid basis for fee reduction but that lack of success is a valid basis for it); id. at 256 ("Our circuit has thus clearly adopted the view . . . that a district judge's authority to reduce the fee awarded to a prevailing plaintiff below the lodestar by reason of the plaintiff's 'partial or limited success' is not restricted either to cases of multiple discrete theories in which the plaintiff won only a nominal or technical victory."); Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 542 (S.D.N.Y. 2008) ("A fee award may indeed be reduced to reflect partial success by a prevailing plaintiff."); Baird v. Boies, Schiller & Flexner LLP, 219 F. Supp. 2d 510, 519-20 (S.D.N.Y. 2002) (Chin, J.) (reconciling invalidity of fee reduction for disproportionality with validity of reduction for lack of success).  Unlike the award in this case, the award in Millea was hardly an amount sufficient to fulfill the fee-shifting provision's purpose of "assuring that civil rights claims of modest cash value can attract competent counsel."  658 F.3d at 169.

---

[2] To the extent Plaintiff argues that the Court did not make the reduction "within" the lodestar calculation, the Court notes that it makes no mathematical difference whether the attorneys' hours are reduced by 60% and then multiplied by their hourly rates or whether 60% is taken off at the end.  $X$ hours x .4 x $Y$ rate = $X$ hours x $Y$ rate x .4.

[3] "The district court conflated a small damages award with a de minimis victory," when "the award was more than 100% of the damages [the plaintiff] sought on that claim."  Millea, 658 F.3d at 168.

Moreover, fee awards are mandatory under the FMLA, whereas under the IDEA, the Court has discretion whether to award them at all, further undermining Millea's ability to support Plaintiff's argument. Compare 29 U.S.C. § 2617(a)(3) ("The court *shall*, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee . . . .") (emphasis added), with 20 U.S.C. § 1415(i)(3)(B)(i) ("[T]he court, *in its discretion*, *may* award reasonable attorneys' fees . . . .") (emphasis added). For these reasons, the Court finds no clear error in its decision to follow the common practice of applying an across-the-board reduction to fee requests to reflect the limited degree of a party's success in IDEA cases. See G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist., No. 09-CV-0859, 2012 WL 4108111, at *3 (S.D.N.Y. Sept. 18, 2012) ("Under fee shifting statutes such as the IDEA, a court can equitably reduce the attorneys' fee award based on limited results . . . ."); id. at *6 n.12 ("[C]ourts may downwardly adjust the presumptively reasonable fee based on a prevailing parties limited success . . . ."); id. at *3 n.9 (collecting cases); see also, e.g., C.G., 2012 WL 4363738, at *4 (80% reduction after offer of settlement); T.K. ex rel. L.K. v. N.Y.C. Dep't of Educ., No. 11 Civ. 3964, 2012 WL 1107660, at *7 (S.D.N.Y. Mar. 30, 2012) (50% reduction); Hofler v. Family of Woodstock, Inc., No. 07-CV-1055, 2012 WL 527668, at *7 (N.D.N.Y. Feb. 17, 2012) (50% reduction); Mrs. M. ex rel "T", 363 F. Supp. 2d at 573 (50% reduction); cf. Hensley v. Eckerhart, 461 U.S. 424, 436 (1983) ("If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. . . . [T]he most critical factor is the degree of success obtained."); Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008) ("A district court's assessment of the degree of success achieved in a case is not limited to inquiring whether a plaintiff prevailed on individual claims." (internal quotation marks omitted)).

Plaintiff next argues that the Court should interpret the settlement-bar provision of the IDEA by reference to the mandatory shifting mechanism of Federal Rule of Procedure 68.[4]  A motion for reconsideration "'should not be granted where the moving party seeks solely to relitigate an issue already decided,'" Paulino, 2012 WL 6114934, at *2 (quoting Shrader, 70 F.3d at 257), nor "used for 'presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"" Id. (quoting Sequa Corp., 156 F.3d at 144).  Defendant argued in its Response to Plaintiff's Motion for attorney's fees that "[e]ven if this court declines to strike the attorney's fee claim in its entirety, controlling principles of law warrant a significant diminution in the award's amount as a consequence of the meager or nonexistent benefit to the plaintiffs."  Dkt. No. 13-6, at 13.  Plaintiff did not raise her Rule 68 analogy in reply and therefore cannot raise it now.  See Dkt. No. 15-6.  The Court therefore will not revisit the September Order on this basis.[5]

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion (Dkt. No. 23) for reconsideration is **DENIED**; and it is

---

[4] Rule 68 requires plaintiffs who reject a formal offer made pursuant to the rule and then obtain a judgment that is not more favorable than the rejected offer to pay costs incurred after the offer was made.  FED. R. CIV. P. 68; see Marek v. Chesny, 473 U.S. 1, 11 (1985) ("[A]pplication of Rule 68 will require plaintiffs to 'think very hard' about whether continued litigation is worthwhile; that is precisely what Rule 68 contemplates.").

[5] The Court notes, however, that unlike Rule 68, the IDEA allows parents to recover fees after rejecting a settlement offer even if the relief finally obtained by the parent was *less* favorable than the settlement offer, provided the parent nevertheless prevailed and was substantially justified in rejecting the offer.  See 20 U.S.C. § 1415(i)(3)(E); R.N. v. Suffield Bd. of Educ., 194 F.R.D. 49, 52-53 (D. Conn. 2000) (distinguishing the IDEA settlement bar from Rule 68).  Thus, while one court expressed concern that Rule 68 would be undermined if "low-ball" offers justified fee reductions, see Rozell, 576 F. Supp. 2d. at 542-43, that concern is lessened in the IDEA context because school districts have additional incentive to make meaningful offers.  The Rozell court also acknowledged that "[a] fee award may indeed be reduced to reflect partial success by a prevailing plaintiff."  Id. at 542.

further

  **ORDERED**, that Plaintiff's Motion (Dkt. No. 24) for reconsideration is **DENIED**; and it is

further

  **ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

  **IT IS SO ORDERED.**

Dated:  March 20, 2013
     Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge